UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DEANDRE R. O'NEAL,

Plaintiff,

v.

LIFESKILLS UNLIMITED, INC.,

Defendant.

Case No. 2:26-cv-03519-APG-EJY

**ORDER**

Before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint alleging discrimination and a violation of the Family and Medical Leave Act (the "FMLA"). ECF Nos. 2, 2-1. Plaintiff's IFP application is granted below.

**I. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Plaintiff's Complaint**

Plaintiff filed a detailed Complaint identifying various events at his workplace related to alleged threats to his safety, a failure of his employer to respond to those threats, the need for leave, the alleged failure to provide appropriate documentation required under the FMLA, and his termination. Plaintiff demonstrates exhaustion of administrative remedies and timely filing of the instant action. While Plaintiff pleads sufficient facts to state a claim under the FMLA, the Court finds he fails to plead a sex discrimination or retaliation claim under Title VII. Each of these claims is discussed below.

a. <u>Discrimination Under Title VII</u>.

To state a *prima facie* case of discrimination in violation of Title VII sufficient to survive a § 1915 screening, Plaintiff must allege: (a) he belongs to a protected class; (b) he was qualified for the job for which he applied; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Shepard v. Marathon Staffing, Inc.*, Case No. 2:13–cv–02261–JCM–PAL, 2014 WL 2527149, *2 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). When screening Plaintiff's Complaint and construing it liberally, the Court may look to the attachments provided. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint). Plaintiff's Complaint attaches his right to sue letter from the EEOC; however, the letter contains no substantive summary of Plaintiff's claims and he does not attach a copy of his charge of discrimination.

Further, Plaintiff's factual allegations do not discuss discrimination on the basis of his sex—male. It appears Plaintiff claims his employer opened a sexual harassment claim against him, but

this does not establish that he was treated less favorably that similarly situated female employees. Moreover, the allegations generally do not describe discriminatory conduct based on sex. The events, which seem to relate to some third party harassment of Plaintiff to which his employer allegedly failed to respond, do not demonstrate that he was treated in a discriminatory manner because of his sex. Plaintiff's claim of sex discrimination must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Plaintiff has not met this pleading standard as the facts establish only that he is a member of a protected class and that he suffered an adverse employment action.

The Court dismisses Plaintiff's sex discrimination claim without prejudice and with leave to amend to plead facts that cure the deficiencies identified. If Plaintiff amends his Complaint and includes a sex discrimination claim, he must state facts demonstrating he was subject to less favorable conduct than similarly situated individuals outside his protected class.

b. <u>Retaliation Under Title VII</u>.

To plead a *prima facie* case of retaliation, Plaintiff must allege facts demonstrating he engaged in a protected activity under Title VII, his employer subjected him to an adverse employment action, and there is a causal link between those two events. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003) (internal citation omitted). Plaintiff's Complaint does not plead facts establishing he engaged in protected activity under Title VII. Instead, Plaintiff pleads facts regarding the FMLA and threatening conduct by a third party about whom he complained. Plaintiff states vaguely that he "requested harassment training, counseling, and safety accommodations" (ECF No. 2-1 ¶ 24), all of which were rejected and which, he says, caused a company officer to open a harassment investigation into him that was closed the same day (*id.* ¶ 25). However, Plaintiff includes no facts demonstrating he ever complained about sexual harassment or discrimination. While Plaintiff states he filed an OSHA complaint pertaining to his safety and submitted "an inquiry to the EEOC" on July 5, 2026, he also states he did not report to work on July

6, 2026, and that he was fired on that date. Plaintiff does not allege his employer knew of or had any reason to know of his EEOC inquiry. *Id.* ¶¶ 34-35.[1]

Plaintiff does not allege facts demonstrating he engaged in protected activity under Title VII such that his employer knew or should have known of that activity. The facts, while in some respects detailed, are not discernable for purposes of demonstrating protected activity under Title VII. This claim is dismissed without prejudice and with leave to amend.

c. Plaintiff's Claims Under the FMLA.

To establish a *prima facie* case for FMLA interference, a plaintiff must show that: "(1) he was eligible for the FMLA's protections; (2) his employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) he provided sufficient notice of his intent to take leave; and (5) his employer denied him FMLA benefits to which he was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (quoting *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) ); *see also Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003). Plaintiff pleads facts demonstrating his former employer was covered by and that he was eligible to take leave under the FMLA. Plaintiff further pleads that his employer emailed him on February 11, 2026, recognizing a potential need for FMLA but failed thereafter to provide him with a medical certification form, a written notice of eligibility or a notice approving or designating the leave as FMLA. ECF No. 2-1 ¶ 12. Plaintiff was disciplined on February 25, 2026 for leave he contends should have been covered by the FMLA. *Id.* ¶ 15. Plaintiff states no FMLA certification was ever issued by the employer; however, he was warned that he could be terminated for additional absences not covered by the FMLA. *Id.* Plaintiff states he was granted paid time off from June 30 to July 3, 2026, but told "no further leave would be granted absent a formal request submitted to the President by close of business on July 3, 2026." *Id.* ¶ 33. Plaintiff was terminated on July 6, 2026. *Id.* ¶ 36.

The Court finds the totality of the facts are sufficient to plausibly infer an FMLA interference claim. Thus, the Court allows this claim to proceed against LifeSkills Unlimited.

---

[1] Plaintiff references a request for "harassment leave" that appears based on the pleading pertaining to the alleged physical and telephonic threats he received from unknown individuals. If Plaintiff believes he was subject to sexual harassment or discrimination, he must plead facts that make that clear. He does not presently do so.

**III. Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 2-1) must be filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's Title VII sex discrimination and retaliation claims are dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint. If Plaintiff chooses to file an amended complaint the document must be titled "Amended Complaint" and **must** be filed no later than **November 23, 2026**. The amended complaint must include sufficient facts to state a *prima facie* cases of sex discrimination and retaliation under Title VII. The amended complaint must contain a short and plain statement describing Defendant's conduct that constitutes discrimination on the basis of sex and Plaintiff's engagement in protected activity under Title VII causally connected to an adverse action.

Plaintiff is advised that if he files an amended complaint, his original Complaint (ECF No. 2-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER ORDERED that if Plaintiff does not file an amended complaint, his case will proceed on the FMLA claim pleaded.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for LifeSkills Unlimited, Inc. and deliver the same, along with one copy of Plaintiff's Complaint (ECF No. 2), and one copy of this Order to the U.S. Marshal Service for service of process on the defendant.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form. Plaintiff must complete the form to the best of his ability and return the same no later than **November 23, 2026** to:

Gary G. Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse

333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is advised to check the Nevada Secretary of State Business Entity website for Defendant's resident agent on whom at his Complaint should be served.

IT IS FURTHER ORDERED that failure to return the USM-285 will prevent service of process and may lead to a dismissal of this case.

IT IS FURTHER ORDERED that the U.S. Marshal must attempt to serve the Summons, this Order, and a copy of Plaintiff's Complaint (ECF No. 2-1) on LifeSkills Ultimate, Inc. no later than 21 days after receipt of the completed USM-285 form.

DATED this 30th day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE